LOUIS H. KEPHART et al., Appellees, v. JOHN BURIANEK, JR., Appellant.

APPEAL AND ERROR: Independent Investigation. The appellate court will not, on appeal, conduct an independent investigation of the possible contingencies which may, in the future, affect a title conveyed.

*Appeal from Linn District Court.*—F. O. ELLISON, Judge.

DECEMBER 14, 1918.

SUIT in equity for specific performance of a contract of purchase of real estate. The plaintiffs were the vendors, and sued for the purchase money. Defendant's demurrer to the petition was overruled, and decree entered for the plaintiffs. The defendant appeals.—*Affirmed.*

*F. A. Heald,* for appellant.

*Treichler & Treichler,* for appellees.

EVANS, J.—Upon March first, the plaintiffs entered into a contract with the defendant, whereby they sold to him certain real estate. Pursuant to such contract, the plaintiffs subsequently tendered a deed, with an abstract of title, and purported to tender to the defendant a merchantable title. The defendant refused the tender. Hence this suit. The

defendant demurred to the petition. The demurrer being overruled, and the defendant standing upon the same, decree was entered for the plaintiffs for the contract price, and defendant has appealed. We have no aid of argument from the appellant. His argument consists only of the following:

"There is but one point in controversy in this appeal, and that is whether the decree of the Butler County district court is an adjudication of plaintiff's rights to the land in question, or, in other words, did the district court of Butler County have jurisdiction of the children that may possibly be born and living at the time of plaintiff's death?"

He also advises us that he has "no authorities on this point." The defendant does not, in terms, ask a reversal of the decree entered below. His attitude, as indicated by the record, is that he is satisfied with the decree of the district court, if we are. It is our function to be always satisfied with the decree of the district court if the appellant is. It is not our function to conduct an independent investigation of the possible contingencies which may, in the future, affect the title conveyed to the defendant. An adjudication by the district court is no less valid than an adjudication in this court. If the district court lacked jurisdiction in any respect, such infirmity could not be aided by an appeal to this court. The appellate jurisdiction could be no broader than the original.

Moreover, the plaintiffs, by their contract, undertook to convey only "all their right, title, and interest." There is no suggestion that the tender of plaintiffs is not as broad as the requirements of the contract. The demurrer to the petition was, therefore, properly overruled. The decree entered below is, accordingly,—*Affirmed.*

PRESTON, C. J., LADD and SALINGER, JJ., concur.